9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George TOLBERT, Plaintiff-Appellant,
v.
SMITH, Medical Director, Defendant-Appellee.
 No. 93-3271.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MERRITT, Chief Judge; JONES, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 George Tolbert, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Tolbert sued the Southern Ohio Correctional Facility (SOCF), and the SOCF medical director (Smith) in both his individual and official capacities. Tolbert filed an amended complaint, naming SOCF nurse (Colgrove), two former SOCF physicians (Juan and Lim), and an SOCF physician (Poindexter) as additional defendants. Tolbert alleged that: 1) the defendants were deliberately indifferent to his medical needs when they terminated his laxative prescription; and 2) the plaintiffs retaliated against him for seeking post-conviction relief in his criminal case when they terminated his prescription. The magistrate judge treated the defendants' motion to dismiss (filed prior to the amended complaints) as a motion to dismiss the complaint as amended; he filed a report recommending that the district court grant the defendants' motion. Over Tolbert's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. Tolbert has filed a timely appeal. The defendants have submitted a letter indicating that they will not be filing a brief.
 
 
 3
 Upon review, we affirm the district court's judgment dismissing Tolbert's complaint. Even if we accept the plaintiff's allegations as true, Tolbert undoubtedly can prove no set of facts in support of his claims that would entitle him to relief against the defendants. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Tolbert has not alleged facts sufficient to state a claim that the defendants were deliberately indifferent to his serious medical needs. See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Nor has he alleged facts sufficient to state a claim for unlawful retaliation. See Benson v. Cady, 761 F.2d 335, 343 (7th Cir.1985) ("alleging merely the ultimate fact of retaliation is insufficient.").
 
 
 4
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.